WO

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. BLAKE,<br><br>    Plaintiff,<br><br>vs.<br><br>JAMES DAVIS, *et al.*,<br><br>    Defendants. | 1:08-cv-0795-GMS<br><br>**ORDER** |

Defendants filed a Motion to Dismiss on August 14, 2009. (Dkt. # 11.) Plaintiff Rodney E. Blake ("Plaintiff") has not filed a response to the motion and the time for doing so has expired. *See* Local Rule 78-230(m). For the following reasons, the Court grants Defendants' Motion to Dismiss.

**BACKGROUND**

Plaintiff, who is a prisoner in the Avenal State Prison in Avenal, California, commenced this action on June 8, 2008 by filing a pro se complaint pursuant to 42 U.S.C. § 1983. (Dkt. # 1.) In his complaint, Plaintiff seeks an injunction requiring the California state parole board to conduct a new parole suitability hearing. On April 9, 2009, the Court issued an Order warning Plaintiff this his failure comply with this Court's order may result in dismissal of his complaint without further notice. (Dkt. # 7.)

On August 14, 2009, Defendants brought a Motion to Dismiss Plaintiff's complaint pursuant to Rule 12(b)(1), 12(b)(6), and Local Rule 78-230(m). (Dkt. # 11.) The Motion

seeks dismissal of Petitioner's § 1983 claim on the grounds that Plaintiffs' claim is barred by the Eleventh Amendment. (*Id.* at 1.)

Plaintiff failed to file a timely response. On October 2, 2009, the Court granted Plaintiff until October 19, 2009 to file a response. (Dkt. # 12.) The order warned Plaintiff about the importance of complying with the Federal Rules of Civil Procedure and the Court's Local Rules. (*Id.* at 1–2.). The Court further warned Plaintiff that if he failed to file a response in the compliance with the Court's Order, "the Court may deem Plaintiff's failure to oppose Defendants' Motion to Dismiss as a waiver, and may grant the motion on that basis." (*Id.* at 2.)

On October 22, 2009, Plaintiff filed a motion for extension of time to respond to Defendants' motion. (Dkt. # 15.) The Court gave Plaintiff until November 13, 2009 to file a response. (Dkt. # 16.) Plaintiff still has not filed a response.

**DISCUSSION**

Local Rule of Civil Procedure 78-230(m) provides that a party's failure to respond to a motion "may be deemed a waiver of any opposition to the granting of the motion . . . ." Local Rule 78-230(m). This Circuit has made clear that "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see Jacobsen v. Filler*, 790 F.2d 1362, 1364-65 (9th Cir. 1986) (pro se litigants should not be treated more favorably than parties represented by attorneys); *United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (pro se litigants are subject to the same good faith limitations imposed on lawyers).

The Ninth Circuit has established "a five-part 'test' to determine whether a dismissal sanction is just: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket[]; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987)); *see Yourish*

*v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999); *Ferdik*, 963 F.2d at 1260-61. "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5 . . . are decisive." *Valley Eng'rs*, 158 F.3d at 1057. Factor 5 "involves consideration of three subparts: whether the court explicitly discussed alternative sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of dismissal." *Id.*

Applying factor 3, Defendants will be prejudiced by Plaintiff's continued refusal to respond to the motion and comply with the Court's orders. Defendants have taken timely action to address Plaintiff's claims and reduce the cost and complexity of this litigation, and Plaintiff's refusal to respond, if permitted to continue, would only frustrate those efforts. Applying factor 5, the Court concludes that alternative sanctions are not appropriate. The Court has afforded Plaintiff ample time to respond to Defendants' motion and has explicitly warned him that failure to do so could result in the granting of the motion. Plaintiff nonetheless has failed to respond or to take any other action to prosecute his claim. The Court will grant Defendants' Motion to Dismiss relating to Plaintiff's § 1983 claim.

**IT IS THEREFORE ORDERED:**

(1) Defendants' Motion to Dismiss (Dkt. # 11) is **GRANTED**;

(2) Plaintiff's complaint is **DISMISSED** without prejudice; and

(3) The clerk of Court is directed to **TERMINATE** this matter.

DATED this 24th day of November, 2009.

G. Murray Snow
United States District Judge